DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**K.A.,** the Mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES**
and **GUARDIAN AD LITEM,**
Appellees.

No. 4D21-1514

[January 5, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stacey Schulman, Judge; L.T. Case No. 2020-1291DP.

Antony P. Ryan, Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Fort Lauderdale, for appellee Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Sarah Todd Weitz, Senior Attorney, Appellate Division, Tallahassee, for appellee Guardian ad Litem.

**ON MOTION FOR REHEARING AND MOTION TO
CERTIFY QUESTIONS OF GREAT PUBLIC IMPORTANCE**

PER CURIAM.

We deny Appellant's motion for rehearing.

We grant the motion to certify questions of great public importance. As we noted in *V.S. v. Dep't of Child. & Fams.*, 322 So. 3d 1229 (Fla. 4th DCA 2021), "[t]he constitutionality of the 2014 amendment to section 39.806(1)(f), Florida Statutes, affects fundamental parental interests." *Id.* at 1230. We once again certify the following question to the supreme court:

DOES THE 2014 AMENDMENT TO SECTION 39.806(1)(f), FLORIDA STATUTES, WHICH PROVIDES THAT NO PROOF OF NEXUS BETWEEN EGREGIOUS CONDUCT TOWARDS ONE CHILD IS REQUIRED TO TERMINATE THE PARENTAL RIGHTS OF THE CHILD'S SIBLINGS, UNCONSTITUTIONALLY REMOVE THE STATE'S BURDEN TO PROVE THAT THE EGREGIOUS CONDUCT POSES A SUBSTANTIAL RISK OF HARM TO EACH SIBLING AND IS THE LEAST RESTRICTIVE MEANS OF PROTECTING THE SIBLING(S) FROM SERIOUS HARM?

Moreover, we certify the following question concerning the constitutionality of section 39.806(1)(*l*), Florida Statutes:

DOES THE 2008 ADDITION OF SUBPARAGRAPH (*l*) TO SECTION 39.806(1), FLORIDA STATUTES, WHICH PROVIDES FOR TERMINATION OF PARENTAL RIGHTS WHEN "ON THREE OR MORE OCCASIONS THE CHILD OR ANOTHER CHILD OF THE PARENT OR PARENTS HAS BEEN PLACED IN OUT-OF-HOME CARE . . . AND THE CONDITIONS THAT LED TO THE CHILD'S OUT-OF-HOME PLACEMENT WERE CAUSED BY THE PARENT OR PARENTS," UNCONSTITUTIONALLY REMOVE THE STATE'S BURDEN TO PROVE THAT THE PARENT'S OR PARENTS' CONDUCT POSES A SUBSTANTIAL RISK OF HARM TO THE CHILD OR CHILDREN AFFECTED BY THE TERMINATION OF PARENTAL RIGHTS AND IS THE LEAST RESTRICTIVE MEANS OF PROTECTING THE CHILD OR CHILDREN FROM SERIOUS HARM?

CONNER, C.J., FORST and KUNTZ, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***